IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 16  P 5: 25

CLERK
SO. DIST. OF GA.

JAMES EDWARD GUESS,

  Petitioner,

v.

VICTOR WALKER, Warden,

  Respondent.

CIVIL ACTION NO.: CV206-114

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Edward Guess ("Guess"), an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the convictions he obtained in the Superior Court of Glynn County. Respondent filed an Answer-Response and a Motion to Dismiss. Guess filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Guess pleaded guilty in the Glynn County Superior Court to one count of hijacking a motor vehicle, one count of armed robbery, and one count of aggravated assault on June 27, 1996. Guess was sentenced on the same day to: 20 years' imprisonment on the hijacking count; 20 years' imprisonment on the armed robbery count, to be served concurrently with the hijacking count; and 20 years' imprisonment on the aggravated assault count, to be served consecutively to the hijacking and armed robbery counts. Guess did not file an appeal. Guess filed a state habeas corpus petition in the Richmond County Superior Court on July 24, 2003, challenging his 1996 conviction. The state

AO 72A
(Rev. 8/82)

habeas corpus court conducted an evidentiary hearing and denied Guess' requested relief on November 24, 2003. The Georgia Supreme Court denied Guess' application for a certificate of probable cause to appeal on May 9, 2006. (Resp't's Br., pp. 1-2.) Guess filed the instant petition on May 15, 2006. Respondent asserts that Guess' petition was untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file his petition for writ of habeas corpus within a one-year statute of limitation period. 28 U.S.C. § 2244(d)(1). The statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Guess' conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Guess entered a guilty plea in the Glynn County Superior Court on June 27, 1996; he did not file a direct appeal. Thus, his

2

convictions became final on or about July 27, 1996. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of).

Guess did not file the instant petition until May 15, 2006, which is nearly ten (10) years after he pleaded guilty in the Glynn County Superior Court. Guess did not file a state habeas corpus petition until July 24, 2003, more than seven (7) years after he pleaded guilty in the Glynn County Superior Court. The applicable statue of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, this statutory provision is not applicable to the case *sub judice* because Guess' statute of limitation expired before he filed his state habeas corpus petition. Guess' federal habeas petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1). Accordingly, Guess is not entitled to his requested relief.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**. Guess' petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)